## CORDES v. WEYERHAEUSER S. S. CO. et al.

### No. 24473 S.

District Court, N. D. California, S. D.

Oct. 16, 1946.

Gladstein, Andersen, Resner, Sawyer & Edises, and Herbert Resner, all of San Francisco, Cal., for libelant.

John H. Black, Edw. R. Kay, and Frank J. Hennessy, U. S. Atty., all of San Francisco, Cal., for respondents.

**538**

ST. SURE, District Judge.

This cause came on regularly to be heard before the Court, the Honorable A. F. St. Sure, Judge presiding, without a jury, on September 17, 1946, libelant appearing in person and by his counsel Herbert Resner, of the firm of Gladstein, Andersen, Resner, Sawyer & Edises, and John H. Black, Edward R. Kay, and J. Hampton Hoge, Esqs. appearing on behalf of the respondents.

Thereupon oral and documentary evidence was introduced by and on behalf of the parties hereto and the evidence having been concluded, written and oral arguments were presented to the Court and thereupon the cause was submitted to the Court for decision, and the Court having considered all of the testimony and the arguments of counsel and all of the evidence and being fully advised in the premises, now makes the following

Findings of Fact.

I. That the S. S. George L. Baker is a vessel of United States registry and during all of the times involved in this case was owned by the United States of America and was operated by Weyerhaeuser Steamship Company as general agents for the United States of America and the War Shipping Administration thereof.

II. That at the time of the filing of the libel the libelant was a resident of this District.

III. That from February 2, 1945, to and including June 13, 1945, libelant was in the service of said vessel and in the employ of respondent United States of America in the capacity of oiler at base wages of $110 per month.

IV. That at the time libelant entered the employ of respondent he was in good physical condition and not suffering from any physical ailment so far as same is ascertainable, libelant having undergone a pre-voyage medical and physical examination, including chest x-ray, which physical examination and chest x-ray was made by the medical service of the War Shipping Administration of respondent United States of America, and said medical service and respondent pronounced libelant physically fit in all respects for service aboard said vessel and said voyage.

V. That during the course of the said voyage libelant suffered and incurred illness, sickness and personal injury, to wit, tuberculosis, which illness was discovered for the first time at the War Shipping Administration Medical Center at San Francisco on or about August 7, 1945, when libelant reported to said service for a physical examination in connection with further employment he contemplated taking aboard a merchant vessel.

VI. That libelant was confined to the United States Marine Hospital at San Francisco from August 13, 1945, until on or about October 14, 1945, where he was treated for said illness, sickness and injury of tuberculosis, and libelant was a patient at the United States Marine Hospital, at Fort Stanton, New Mexico, from on or about October 15, 1945, to and including about December 1, 1946, when libelant was permitted to leave said hospital at Fort Stanton, New Mexico.

VII. That it is not true that libelant while in the employ of respondent and on said voyage was furnished with improper or unhealthful food, furnished with improper or unhealthful working or living quarters, or that any improper food or unhealthful or improper living or working quarters caused libelant's illness, and the allegations of negligence made by libelant in these respects have not been proved.

VIII. That it is true that libelant will require a period of two years to convalesce and receive medical treatment consisting of pneumothorax treatments, and that he will not be able to do any work for a period of six months following September 1, 1946, and that for one year and a half following said six months period libelant will be able to engage only in some sedentary occupation.

IX. That Court finds that a reasonable sum to allow for maintenance money and medical care and attention not otherwise obtainable at an agency or public health service or hospital of the respondent United States of America is the sum of $2,500, said sum of money being intended to cover

libelant's maintenance and medical care for the two year period next following September 1, 1946.

From the foregoing recitation and findings of fact, the Court makes the following

### Conclusions of Law.

I. That the Court has jurisdiction hereof.

II. That libelant is not entitled to a decree for damages, but judgment shall be for respondents on the question of damages.

III. That libelant is entitled to maintenance money and an allowance for medical care and attention for a period of two years next following September 1, 1946, in the amount of $2,500.

Let judgment be entered accordingly.