## BARNES v. AMERICAN-HAWAIIAN S. S. CO. et al.

### No. 24973.

United States District Court
N. D. California, S. D.
April 1, 1948.
On Rehearing April 28, 1948.

Gladstein, Andersen, Resner & Sawyer and Ewing Sibbett, all of San Francisco, Cal., for plaintiff.

Dorr, Cooper & Hays, of San Francisco, Cal., for American-Hawaiian S. S. Co.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for the United States.

GOODMAN, District Judge.

The equities and circumstances disclosed by the evidence in this cause do not justify sustaining the plea of laches to libelant seaman's claim for maintenance. Gayner v. Ferry Boat New Orleans, D.C., 54 F. Supp. 25; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535; Delpy v. Crowley Launch & Tugboat Co., 9 Cir., 99 F.2d 36 is not contra.

But the record discloses that the libelant neither expended any monies nor incurred any expense or liability for his care and support while he has been residing with his parents. Consequently I am bound by United States v. Johnson, 9 Cir., 160 F.2d 789, 798, affirmed Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 394, to disallow and deny the prayer for past maintenance. I am of the opinion, however, that an award for future maintenance is proper. Calmar S. S. Co. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Cordes v. Weyerhaeuser S. S. Co., D.C., 75 F.Supp. 537. (Judge St. Sure.)

Upon findings to be presented pursuant to the Rules, a decree may enter in favor of libelant in the sum of $1,500 for future maintenance.

700

Order for Decree after Rehearing.

The court ordered a rehearing herein to afford libelant an opportunity to present evidence that he actually expended monies for his care and support.

██ Evidence produced upon the rehearing convinces me that libelant did make such expenditures.

A decree may now enter, upon findings to be presented, in favor of libelant for the sum of $1,500 past maintenance and $1,250 for future maintenance, a total of $2,750.